IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7539 |
| | ) | |
| COOK COUNTY CLERK'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION AND ORDER**

Plaintiff James Shannon was employed as a supervisor in the Office of the Clerk of the Circuit Court of Cook County, Illinois. In November 2011, he was discharged as part of a reduction in force ("RIF"). Plaintiff alleges his inclusion in the RIF was because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Defendant County Clerk Dorothy Brown moves for summary judgment dismissing the claim.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods.,***

*Inc.*, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***, 614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); ***Montgomery v. Am. Airlines, Inc.***, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. ***Celotex***, 477 U.S. at 324; ***Freundt v. Allied Tube & Conduit Corp.***, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); ***O'Brien v. Encotech Constr.***, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See* ***Lorillard Tobacco Co. v. A & E Oil, Inc.***, 503 F.3d 588, 594-95 (7th Cir. 2007); ***Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago***, 357 F.3d 677, 679 (7th Cir. 2004); ***Lampley v. Mitcheff***, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the
> initial burden of production to identify "those portions of the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." ***Logan v. Commercial Union Ins. Co.***, 96 F.3d 971, 978 (7th Cir. 1996) (citing ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)).  The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." ***Celotex***, 477 U.S. at 325, 106 S. Ct. 2548.  Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" ***Logan***, 96 F.3d at 978.  "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." ***Id.*** (citation omitted).  In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." ***McGinn v. Burlington Northern R.R. Co.***, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted).  Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986).  Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" ***Logan***, 96 F.3d at 978 (quoting ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

Plaintiff was born in 1952. He was 56 when he began working for defendant in October 2008. Plaintiff began as a file clerk and, in 2009, he was promoted to the supervisory position of files manager, a job classification that he remained in until his employment was terminated effective November 30, 2011.

The files manager position was a non-bargaining-unit position. Initially, plaintiff was a files manager in the Maywood District. However, plaintiff had a conflict with his supervisor, who plaintiff believed did not respect him and required him to perform duties outside his job description. In June 2011, plaintiff was transferred to District 1 (the Daley Center) after an employee in the Maywood District accused him of sexual harassment. In March 2012, after plaintiff's employment was terminated, it was determined that he had not committed sexual harassment, but that he had violated applicable rules of conduct by "engag[ing] in questionable conversations with employees about [his] private life." At the Daley Center, plaintiff had conflicts with that supervisor as well. His supervisor reprimanded him for using profanity and intimidating language in the office. She required that he meet with the supervisor and a psychiatrist. Plaintiff objected to

that requirement and complained to Clerk Brown. Due to the conflicts with his direct supervisor, plaintiff thereafter reported directly to the Regional Chief.

In November 2011, the Cook County Board of Commissioners approved a 2012 budget that represented an approximately 4% cut. The budget was expected to result in the loss of 775 county positions. Clerk Brown terminated 59 union employees and 21 management employees in the Clerk's Office. On November 23, 2011, plaintiff was informed in writing that his position would be eliminated effective November 30 due to budget cuts. Plaintiff points to no evidence that any decisionmaker expressly mentioned his age as a reason for including him among those whose positions were eliminated. Subsequent to the RIF, some of the union employees were rehired in accordance with their collective bargaining agreement. None of the management employees were rehired. There is no evidence that Brown was personally involved in the decision to hire plaintiff nor evidence that any of the same people that decided to hire him were also involved in the decision to include him in the RIF.

Plaintiff points to little evidence to support his contention that age was a reason for including him in the RIF. He contends that, besides himself, five of the terminated employees were in their 40's, 50's, or 60's. He does not identify

whether they were union or management employees, but it will be assumed they were management employees.

Plaintiff points to his own interrogatory answer that was based on information and belief, which is insufficient to establish the truth of this assertion. He also points to his own testimony. Whether such testimony as to the other employees' changes in employment status and/or their ages is competent evidence is questionable. On the other hand, defendant would have such information, but simply asserts that plaintiff does not adequately support the facts without defendant stating whether the facts are true or not. While the burden of proof is on plaintiff, defendant is still required to place its asserted facts in sufficient context. *See* **Outlaw**, 259 F.3d at 837. For present purposes, it can be assumed that five other discharged management employees were more than 40 years old since it is still insufficient to support a genuine factual dispute that plaintiff was discharged because of his age. No comparative evidence is presented regarding what percentage of retained management employees were over 40 years old. Plaintiff also contends he was replaced by a person in his mid-30's, but there is no competent evidence to support that assertion or even that his specific position was filled by anyone after his termination. Plaintiff also points to evidence of his 2009

promotion to show that he was a highly competent employee, though the promotion occurred more than two years before he was terminated and prior to the conflicts with his supervisors.

Whether plaintiff is relying on direct or indirect evidence that his termination was based on age discrimination, plaintiff has not established a genuine factual dispute that his termination was based on age. Even assuming that six managers in the protected age group were included in the RIF, that by itself (especially with no comparative statistics regarding managers that were retained) is not evidence sufficient to support direct evidence of age discrimination. *See* ***Rummery v. Ill. Bell Tel. Co.***, 250 F.3d 553, 559-60 (7th Cir. 2001); ***Plair v. E.J. Brach & Sons***, 105 F.3d 343, 349 (7th Cir.1997) (quoting ***Gilty v. Vill. of Oak Park***, 919 F.2d 1247, 1253 n.8 (7th Cir.1990)); ***Banthia v. Roche Diagnostics Operations, Inc.***, 502 F. App'x 571, 574 (7th Cir. 2012). As to a *prima facie* indirect case (as well as for circumstantial direct evidence), plaintiff does not show that any similarly situated employee younger than he was treated more favorably in the RIF. ***Radue v. Kimberly-Clark Corp.***, 219 F.3d 612, 618-19 (7th Cir. 2000). Defendant is entitled to summary judgment dismissing plaintiff's cause of action.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [39] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice and awarding defendant the costs of suit.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 19, 2015